**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4777**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GREGORY BRUCE ADKINS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:11-cr-00076-1)

_____

Submitted: February 15, 2013    Decided: February 26, 2013

_____

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Bruce Adkins appeals from his 108-month sentence imposed pursuant to his guilty plea to possession of an unregistered machine gun. On appeal, he asserts that the district court erred when it applied the kidnapping cross-reference in calculating Adkins' Guidelines range. According to Adkins, his sentence should have been cross-referenced to the crime of wanton endangerment, as his actions did not constitute kidnapping under West Virginia law and were instead merely incidental to the crime of wanton endangerment.[1] We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range." Gall, 552 U.S. at 51. "[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse unless we can conclude

_____

[1] Wanton endangerment is any "act with a firearm which creates a substantial risk of death or serious bodily injury to another." W. Va. Code § 61-7-12 (2012).

2

"that the error was harmless."  United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

The West Virginia Supreme Court has noted that reasonable limitations must be placed upon the broad scope of the kidnapping statute, W. Va. Code § 61-2-14a (2012),[2] because otherwise the crime of kidnapping could "literally overrun several other crimes," like robbery and rape, where detention of the victim is a common occurrence.  Thus, the court adopted a four element test to determine whether or not a kidnapping is incidental to another crime: "(1) the length of time the victim was held or moved; (2) the distance the victim was forced to move; (3) the location and environment of the place the victim was detained; and (4) the exposure of the victim to an increased risk of harm."  West Virginia v. Kitchen, 536 S.E.2d 488, 493 (W. Va. 2000).  In Kitchen, the victim had been restrained for more than a half an hour, tried to escape, was in an unfamiliar area, and was exposed to considerable harm while being driven around in the middle of the night by a drunken man.  The court found that, under these facts, the forcible restraint and transportation of the victim was not incidental to the robbery of the victim and, instead, constituted kidnapping.  Id.

---

[2] West Virginia's kidnapping statute criminalizes unlawful restraint.  W. Va. Code § 61-2-14a.

Applying the Kitchen factors to this case, we conclude that Adkins' kidnapping was not incidental to wanton endangerment. Adkins held his wife Sabrina for a period of time sufficient for him to assemble a gun and drive thirteen miles. Sabrina was forcibly restrained both in her home and in the car by Adkins' use of a loaded machine gun and his repeated verbal threats to kill her and/or force her to commit sexual favors. In addition, Sabrina was driven around by Adkins, who had been drinking and threatened her life numerous times, and she eventually fled from the vehicle screaming that he was going to kill her. See also West Virginia v. Miller, 336 S.E.2d 910, 916 (W. Va. 1985) (holding that kidnapping was not incidental to sexual assault where victim was in defendant's custody for over an hour, had been taken a consequential distance from home, and had been exposed to an increased risk of harm).

Although carrying a loaded machine gun while driving under the influence likely constituted wanton endangerment, Adkins' actions went beyond that crime. Therefore, the kidnapping was not an incidental crime. Accordingly, we find that the district court correctly applied the kidnapping cross-reference, and there was consequently no procedural error in calculating Adkins' Guidelines range. As such, we affirm Adkins' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED
